UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JON E. TOWNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:13-cv-00307-TAB-JMS |
| ) | |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel February 11, 2014, for an oral argument on Plaintiff's claim for disability benefits. Set forth below is the Court's oral ruling from the bench following that argument. This ruling affirms the decision of the Commissioner, and denies the Plaintiff's claim for disability benefits.

THE COURT: All right. I will now issue my decision in this case. Plaintiff presents three issues in this appeal. First, whether substantial evidence supports the ALJ's finding that plaintiff was not disabled due to chronic chest, cardiac and back pain, shortness of breath and fatigue, severely impairing his ability to stand and walk; No. 2, whether the ALJ's credibility determination is contrary to Social Security regulation or Ruling 96-7P, and thus patently erroneous; third, whether substantial evidence supports the ALJ's finding that plaintiff could perform jobs in the national economy, and thus is not disabled.

By way of background, plaintiff asserts he became disabled on March 31, 2006. Following a hearing, the ALJ found him not to be disabled in a January 26th, 2012 decision. The appeals' counsel then affirmed.

Plaintiff has atherosclerosis and coronary artery disease with stinting, hypertension and hyperlipidemia, lumbar spine dysfunction, and obesity.  On appeal, plaintiff also emphasizes that he had problems with anxiety and daily panic attacks.

The Court must uphold the ALJ's decision as substantial evidence supports her findings; Blakes versus Barnhart, 331 F.3d 565 at 568, Seventh Circuit 2003.

The ALJ is obligated to consider all relevant medical evidence, and cannot simply cherrypick facts that support a finding of non-disability while ignoring evidence that points to a finding of disability; Denton v. Astrue, 596 F.3d 419 at 425, Seventh Circuit 2010.  However, the ALJ need not mention every piece of evidence so long as she builds a logical bridge in the evidence to her conclusion.

Plaintiff argues that the following issues were ignored by the ALJ:  Plaintiff's history of high blood pressure and hyperlipidemia, plaintiff's six refills of Vicodin for his back pain, Dr. Krausman's March 19, 2009 report prescribing Vicodin again, the Shelby Community Health Center's June 22nd, 2009 report that plaintiff needed assistance obtaining medication; the Health Center's July 23rd, 2009 report of elevated blood pressure and pain in plaintiff's joints and low back; and October 13, 2009 consultative examination recording that plaintiff suffered from fatigue, shortness of breath on moderate exertion, and chest pain; and the Health Center's October 15, 2009 report of low back pain and subsequent medication.

Moreover, plaintiff asserts that the ALJ misstated Dr. Krausman's findings when she characterized them as "occasional muscle tightness in his chest" when in actuality, Dr. Krausman stated plaintiff had "occasional muscle cramp feeling in his chest."

The ALJ's decision is certainly not a model opinion. For one, she misstates some of the evidence. In one instance, the ALJ notes that plaintiff's treatment report from March 2nd, 2011, reported heart rate and rhythm, but the notes from that evaluation report a heart gallop. Counsel for the commissioner on this appeal has tried to minimize that, but it's not clear to me that that is an accurate interpretation of the record, and in any event, the ALJ made her findings on that particular matter. I don't feel as though I can make different findings based upon my review of the record and input from counsel.

Plaintiff's July 23rd, 2009 evaluation at the Heart Center reports an elevated blood pressure of 140 over 90, which the ALJ incorrectly characterizes as irregular heart rhythm. That's in the record at page 273.

The ALJ also notes the results of plaintiff's straight leg raise test, but failed to indicate that the results support plaintiff's purported pain.

The ALJ indicates that plaintiff had difficulty in standing on his left leg; however, the October 13, 2009 report indicates he had extreme difficulty in standing on his left leg. That's in the record at page 285. Moreover, the ALJ's decision does not mention evidence that Dr. Krausman prescribed plaintiff Vicodin from July 2008 till March 2009 for back pain. That's in the record at page 350 through 354.

The Court agrees with the plaintiff that the ALJ did not mention every piece of evidence and misstated this evidence on some occasions. Importantly, however, the ALJ did not cherry pick the evidence that only supported a finding of disability. Plaintiff's counsel during oral

argument asserted that the ALJ ignored all the evidence that -- plaintiff's counsel asserted at oral argument that the ALJ ignored all the evidence of the plaintiff's claims. Plaintiff's counsel went so far at the argument to say that "Anything the ALJ found to be contrary to denying plaintiff's claim, the ALJ found to be non-objective." I disagree with that.

She discussed evidence contrary to her decision, including the plaintiff's irregular heartbeat in a July 2008 physical exam, and his chest pain reported in May of 2008, August of 2009, and October of 2009. That's in the record in the decision at page 16.

The ALJ also notes that the ECG study was stopped during the test because of fatigue and shortness of breath. That's in the record at page 17. She discusses plaintiff's back pain, noting that he was assessed with low back pain and diagnosed with minimal levoscoliosis, or spasm and atherosclerosis, and reported tenderness on the lumbar spine.

The ALJ also notes that the plaintiff had difficulty standing on his left leg. However, the ALJ explains the plaintiff's chest pain was resolved with rest and nitroglycerin, that plaintiff's lungs were clear, and that medical reports concerning his heart rate and rhythm, as well as blood pressure were, for the most part, regular.

Moreover, the ALJ notes that plaintiff had a normal gait with no stiffness or swelling, and could squat partially. That's in the record at 17. The ALJ's review of the evidence indicates that the majority of plaintiff's exams were unremarkable, and thus, her finding of no disability is supported.

Any failure by the ALJ to address some of the evidence was harmless. The ALJ accounts for plaintiff's back and chest pain by limiting him to sedentary activity even though the state medical agency consultants reported him capable of performing medium work. And no evidence

suggests that his primary physicians found him to be disabled as counsel acknowledged during the hearing.

In short, evidence of high blood pressure, a heart gallop and a 2008 prescription for Vicodin is not enough to significantly impact the ALJ's disability finding or the plaintiff's ability to perform sedentary labor with additional limitations.  Even if this case was remanded so that the ALJ would incorporate and address this evidence in her decision, I am convinced that the ALJ would reach the same result; see McKinzey versus Astrue, 641 F.3d, 884 at 892, Seventh Circuit 2011, finding administrative error harmless if the Court is convinced that the ALJ would reach the same result on remand.

In sum, the ALJ reported her finding of disability of substantial evidence, and any error in misstating evidence in her decision is harmless.

 The plaintiff next challenges the ALJ's credibility determination.  The credibility determination, the Court defers to the ALJ and "shall overturn only if it is patently wrong," Getch versus Astrue, 539 F.3d, 473 at 483, Seventh Circuit 2008.

Though the ALJ used boilerplate language and fails to provide a contemporaneous credibility assessment, the decision as a whole discusses plaintiff's credibility and supports the ALJ's finding.  The ALJ considered plaintiff's statements of constant back pain, inability to sit or stand for extended periods, numbness in his lower extremities, inability to lift heavy objects, and shortness of breath with exertion.  She found that these statements were inconsistent with the medical evidence.

Plaintiff's evaluations were generally unremarkable.  Medical reports state that he appeared comfortable, that he could get on and off the exam table easily, that he had a normal gait, and that rest and Nitroglycerin resolved his chest pain.  Moreover, the ALJ found that

plaintiff prepares his own meals, takes walks daily, is independent with his self-care, and regularly speaks with family and friends.

The ALJ limited plaintiff to sedentary work with additional limitations based on his subjective complaints. This determination is supported by the evidence, and thus, the ALJ's credibility determination is not patently wrong.

The third issue plaintiff raises addresses whether substantial evidence supports the ALJ's decision that the plaintiff could perform jobs in the national economy. Plaintiff argues that the ALJ's hypothetical question to the vocational expert failed to account for plaintiff's mental problems due to pain, fatigue, depression and anxiety. He argues that a remand is required because the ALJ fails to give full consideration to all documented impairments.

The commissioner correctly argues that no evidence supports a finding that plaintiff was mentally impaired by anxiety or depression. Plaintiff did testify at the hearing to evidence with respect to his mental condition, but there's no evidence in the record that that rose to a level of a disability.

Symptoms of anxiety and depression are not otherwise documented in the record by any medical provider, and the ALJ notes in a decision that there is no medical evidence to support a finding that plaintiff exhibits severe mental impairments due to anxiety and depression. And again, plaintiff's counsel acknowledged that during the oral argument.

Nevertheless, the ALJ still accounts for these limitations in her RFC determination on which her hypothetical questions in Step 5 rely. That's on page 15 of the decision. The ALJ also accounts for plaintiff's fatigue and depression in her hypothetical questions to the VE. That's in the record at page 55.

The ALJ appropriately accounts for plaintiff's impairments and limitations in her hypothetical to the VE, and thus remand is not appropriate. For these reasons, the ALJ's decision is affirmed.

Thank you.

Thank you, Mr. Geren.

MR. GEREN:  Thank you, Your Honor.

COURT CLERK:  All rise.

Dated:  3/3/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

James B. Geren
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
james.geren@ssa.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov